### No. 11,915.

### HIDDLESTON KENNER VS. JOS. WEILL ET ALS.

Where a plaintiff in reconvention sets up title and claims possession, and the de-fendant in the reconventional demand answers the intervention, denying ownership and possession, these latter demands are eliminated from the suit, and the only matter in dispute is the amount of rent claimed from the defend-ant while in possession.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

Plaintiff, Appellant, *in propria persona* cites 34 An. 325; 46 An. 484; 13 An. 295; 7 An. 70; 5 La. 356.

*Farrar, Jonas & Kruttschnitt* for Defendants, Appellees.

Argued and submitted February 15, 1896.
Opinion handed down March 9, 1896.
Rehearing refused April 20, 1896.

The opinion of the court was delivered by

McEnery, J.   The plaintiff leased the Roseland plantation in St. Charles parish in 1893.   Meyer Weill held or controlled mortgage notes on the plantation.   The plaintiff desiring to continue his lease, alleges that the made a verbal agreement with Meyer Weill to pay him eight hundred and thirty-one dollars and forty-one cents for an extension of time so that he could enjoy the lease to the first of January, 1894.   The defendants are the heirs of Meyer Weill and they were sued by plaintiff for the above amount, which he had paid, on the ground that notwithstanding the agreement and payment, Meyer Weill foreclosed the mortgage.   We have nothing to do with this part of the suit as it is on appeal to the Circuit Court of Appeals.

The defendants as plaintiffs in reconvention claimed the ownership of the land and that the plaintiff was wrongfully in possession, and they claimed the rental value of the plantation, an amount below the lower limit of the jurisdiction of this court.   The plaintiff answered this reconventional demand, alleging that he was not the owner of the property described in the petition of intervention and denied that he was in possession of the same.   There was a judgment in favor of defendants recognizing their ownership and possession, and a moneyed judgment against defendant for five hundred dollars with legal interest from judicial demand.   The defendant appealed from the judgment on the demand in reconvention to this court.   Having judicially confessed that he was not the owner, and in possession of the plantation, the only matter in dispute was the amount of rent due by plaintiff to the defendant.   Harris vs. Stockett, 35 An. 387; State *ex rel.* Humphreys vs. Richardson, 46 An. 133.

The plaintiff says that the "record does not reveal a single circumstance wherein the plaintiff might be considered to have confessed judgment.   On the contrary he denies possession in himself and alleges title and possession in third parties."   The issues were between plaintiff and defendant, and not between third parties to the suit.   Having disclaimed ownership and possession as between them

the only matter in dispute was the amount of rent due by the plaintiff.

Plaintiff calls our attention to State *ex rel.* Mower vs. Judges, 42 An. 665, as being directly in support of the position he has assumed in the motion to dismiss. In that case defendant was in possession of the whole tract of land sued for, which was admitted in the answer. The plaintiff was compelled in his petitory action to sue him for the whole as possessor. No part of the land was surrendered to the plaintiff, the averments in the answer only going to the extent that the defendant had moved on the land for the purpose of homesteading one hundred and sixty acres.

The appeal is dismissed.